Filed 10/29/13  P. v. Gamboa CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058548 |
| v. | (Super.Ct.No. FWV1101922) |
| WILLIAM GAMBOA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  Affirmed.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant William Gamboa appeals after he pleaded no contest to one count of possession of marijuana for sale, and received a promised capped sentence of two years.  After reviewing the record, we affirm.

1

## FACTS AND PROCEDURAL HISTORY

At the change-of-plea proceedings, defendant stipulated that the police report would provide a factual basis for the plea. According to the police report, Deputy Solomon, on patrol on the freeway, saw a vehicle make an unsafe lane change. He effected a traffic stop on the vehicle. Pedro Esparza was the driver of the vehicle, and defendant was the passenger. When Deputy Solomon was talking to defendant, at the open passenger window, he noticed that defendant was nervous and shaking. Deputy Solomon also smelled the odor of marijuana emitting from inside the car. Defendant denied that there was any marijuana in the car.

Esparza, the driver, was also visibly nervous. Based on the nervousness of the occupants of the vehicle, as well as the odor of marijuana, Deputy Solomon believed the occupants were involved in criminal activity. The driver refused permission to search the car, but gave the deputy permission for his drug dog to sniff around the car. Deputy Solomon then had his drug-sniffing dog walk around the outside of the car. The dog jumped into the open window and alerted in the back deck area of the backseat. Deputy Solomon took the dog out of the car and continued to walk around; the dog also alerted on the trunk area of the car. Deputy Solomon opened the trunk and discovered eight large bales of marijuana. The total weight of all the marijuana in the eight bales was over 175 pounds.

When the drugs were discovered, Esparza told Deputy Solomon, "'There's got to be some way we can work this out, can't you just take it and I'll leave and forget it ever

happened.'" Esparza admitted that marijuana was in the bundles. He said that he was being paid $1,500 to transport the marijuana, and the passenger (defendant) was also being paid to accompany him while they transported the marijuana.

When defendant was taken into custody, Deputy Warner interviewed him. Defendant admitted that he was on felony probation for possession of marijuana, but denied knowing that there was any marijuana in the car. As noted, however, Esparza implicated defendant in the scheme to transport the marijuana.

Defendant was charged in a felony complaint with one count of transportation of marijuana, in violation of Health and Safety Code section 11360, subdivision (a), and one count of possession of marijuana for sale, in violation of Health and Safety Code section 11359. After a preliminary hearing, defendant was held to answer on both charges.

Eventually, defendant entered a plea bargain, in which he agreed to plead no contest to count 1 of the first amended information, possession of marijuana for sale, in exchange for a maximum two-year sentence, and an agreement that the term would be served concurrently with any of his existing cases. At sentencing, on November 2, 2012, the trial court imposed a two-year county jail sentence, within the agreed-upon cap. The court also found that a motor vehicle was used in the commission of the offense; the court ordered the Department of Motor Vehicles to revoke defendant's driver's license for one year. The court had already directly advised defendant, at the taking of the plea, that his driver's license would be revoked, not merely suspended. After the period of revocation,

defendant would have to apply for a driver's license as if for the first time: "It is like starting brand new."

On March 6, 2013, defendant filed a motion to modify the revocation of his driver's license, pursuant to Vehicle Code section 13202, subdivision (c). Defendant's motion related that he had been released from county jail and placed on house arrest, the terms of which allow him to leave the house for purposes of employment. Under Vehicle Code section 13202, subdivision (c), the period of revocation, after which a defendant may apply for a driver's license, is to be set by the court. Defendant requested the court to modify the judgment to specify the period of revocation as four months, so that defendant would be eligible to apply for a new license, which would help him apply for employment. Defendant pointed out that he was not the driver of the vehicle in question with respect to this offense. The trial court denied the motion. Defendant filed a notice of appeal, asserting that the appeal was based on the sentence or on matters that occurred after the plea.

## ANALYSIS

This court appointed counsel to represent defendant on appeal. Counsel has filed a brief under authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, and identifying one potential arguable issue: whether the trial court abused its discretion in denying defendant's motion to modify the term of revocation of his driver's license. Counsel also requested this court to undertake a review of the entire record.

4

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record in its entirety and find no arguable issues. The trial court was within its discretion not to modify its original determination to revoke defendant's driving privilege for a period of one year. Defendant had been paid a substantial sum to help deliver a very large shipment of marijuana by car.

## DISPOSITION

The judgment is affirmed; the post-judgment order denying modification is also affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.